IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAOLO CRUZ GONZALEZ,

                Plaintiff,

v.

JACKIE WESTOVER, LINDSAY WALKER,
SUE NOVAK, MICHAEL DITTMAN, KATEN
STRESE, ANNETTE BENDER, JODI HALDEMAN,
and SUSAN SCHMIDTKNECHT,

                Defendants.

OPINION and ORDER

20-cv-635-jdp

    Pro se plaintiff Paolo Cruz Gonzalez alleges that prison officials at his former institution, Columbia Correctional Institution, overcharged him for international phone calls, prevented him from communicating with his family, and retaliated against him for complaining about his excess phone charges. I granted Gonzalez leave to proceed on claims under the Due Process Clause, First Amendment, and state negligence law. I allowed Gonzalez to supplement his complaint to identify several defendants who were involved in the events giving rise to his First Amendment retaliation claims. Gonzalez has responded with three supplements to his complaint, Dkts. 25–27. Gonzalez has also moved for appointment of counsel. Dkt. 28 and Dkt. 32. I conclude that the allegations in Gonzalez's supplements fail to state First Amendment retaliation claims against any additional defendants, so the case will proceed only against the defendants that I have already approved. I will deny Gonzalez's request that I recruit counsel.

A. **Supplements to complaint**

    I gave Gonzalez an opportunity to supplement his complaint because he was missing some information about his First Amendment retaliation claim. Specifically, Gonzalez alleged

that prison officials retaliated against him for complaining about his excess phone charges by: (1) denying him phone calls to his family and (2) issuing him conduct reports, confining him to his cell, and sending him to segregation. Gonzalez identified the defendants who denied his phone calls, so I granted him leave to proceed on First Amendment retaliation claims against those defendants (Susan Schmidtknecht, Sue Novak, Jackie Westover, and Lindsay Walker). But Gonzalez failed to name the defendants who disciplined him. I allowed Gonzalez to supplement his allegations with those defendants' names and the role that each of them played in issuing him conduct reports, confining him to his cell, and putting him in segregation.

Gonzalez has submitted three supplements to his complaint. Dkts. 25–27. But none of the supplements discuss the disciplinary actions or identify which defendants were involved. Gonzalez has also filed numerous additional letters and other documents with the court, Dkts. 31; 33–41, but none of those filings identify the defendants involved in the disciplinary actions either. So Gonzalez has not stated First Amendment retaliation claims against any additional defendants or based on the disciplinary actions taken against him.

Gonzalez's supplements and letters contain some new allegations and the names of various non-defendant prison officials. For example, he includes lists of prison officials without describing what each did to violate his rights. And he states several times that prison officials were involved in his mother's death in Cuba. Gonzalez's new allegations are conclusory, unclear, and implausible, so it is not possible for me to tell what any of the officials did to deprive Gonzalez of his constitutional rights. Gonzalez has not stated any viable additional claims to relief in his supplemental filings.

**B. Recruitment of counsel**

Gonzalez moves for appointment of counsel. Dkt. 28 and Dkt. 32. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote,* 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). This court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt,* 503 F.3d at 654–55.

A party requesting the court's assistance in recruiting counsel must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) he has made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. Cty. of McLean,* 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt,* 503 F.3d at 649. Gonzalez satisfies the first requirement because the court has granted him leave to proceed in forma pauperis. And he satisfies the second requirement because he has submitted letters from attorneys who have declined to represent him. Dkt. 32-3 and Dkt. 32-4.

Gonzalez says that he is unable to litigate this lawsuit because he is mentally incompetent, undergoing mental health monitoring, taking psychotropic medications, and "is at times unable to function properly." Dkt. 28. He also says that he doesn't understand the law or court procedures and that he speaks and understands little English. These might be reasons to consider recruiting counsel later in this case. But at this point, it is far too early to tell whether the case boils down to issues that Gonzalez can't handle. Defendants have not yet

3

been served, and the deadline for summary judgment based on failure to exhaust administrative remedies is still far away. And generally, the court will wait until after the parties brief summary judgment on the merits of a case to review the complexity of the issues in the case. I will deny Gonzalez's motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable to litigate the lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Paolo Cruz Gonzalez's First Amendment retaliation claims regarding discipline for complaining about being overcharged for phone calls are DISMISSED.

2. Plaintiff's motions for appointment of counsel, Dkt. 28 and Dkt. 32, are DENIED without prejudice.

3. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint, the court's previous screening order, Dkt. 24, and this order are being sent today to the Attorney General for service on defendants. Plaintiff should not attempt to serve defendants on his own at this time. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service for defendants.

4. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

5. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered February 22, 2022.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge