IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAULO CRUZ GONZALEZ,

                Plaintiff,

  v.

JACKIE WESTOVER, LINDSAY WALKER, SUE NOVAK, MICHAEL DITTMAN, KAREN STRESE, ANNETTE BENDER, JODI HALDEMAN, and SUSAN SCHMIDTKNECHT,

                Defendants.

OPINION and ORDER

20-cv-635-jdp

---

      Pro se plaintiff Paolo Cruz Gonzalez alleges that officials at his former prison, Columbia Correctional Institution (CCI), overcharged him for international phone calls, prevented him from communicating with his family, and retaliated against him for complaining about his excess phone charges. I allowed the complaint to proceed in part on due process, free speech, retaliation, and Wisconsin-law negligence claims. *See* Dkt. 24 and Dkt. 42. Gonzalez has filed a motion for preliminary injunction and temporary restraining order. Dkt. 43. I will deny this motion as moot or, alternatively, as meritless.

      Gonzalez filed his motion while incarcerated at Green Bay Correctional Institution (GBCI). Gonzalez alleges that GBCI officials conspired with defendants to stop him from communicating with his family. Gonzalez contends that a social worker at GBCI told him that he needed $200 in his account before he could call Spain and that no CCI official had ever cited this policy or ordered him to pay this amount. *See id.* at 1–2. Because Gonzalez is now incarcerated at the Wisconsin Resource Center, I will deny this motion as moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); *Santiago v. Walls*, 196 F. App'x 416, 417 (7th Cir. 2006).

I would deny the motion even if it were not moot. A "party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants." *Oliver v. Lyerla*, No. 3:17-CV-206-DRH-DGW, 2017 WL 3498789, at *2 (S.D. Ill. July 25, 2017), *report and recommendation adopted*, 2017 WL 3498703 (S.D. Ill. Aug. 15, 2017).

Here, the motion involves a new official and new allegations of misconduct that happened at different times in a different prison. Gonzalez's conclusory allegation of conspiracy does not show otherwise. That Gonzalez has alleged "the same general cause of action" in his motion does not supply the missing causal connection. *See Mitchell v. Haviland*, No. 2:09-CV-3012 JAM KJN, 2014 WL 458218, at *2 (E.D. Cal. Feb. 4, 2014).

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for preliminary injunction and temporary restraining order, Dkt. 43, is DENIED AS MOOT or, alternatively, DENIED.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered October 5, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge