IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAULO CRUZ GONZALEZ,

                Plaintiff,
  v.

                                                  OPINION and ORDER

JACKIE WESTOVER, LINDSAY WALKER, SUE
NOVAK, MICHAEL DITTMAN, KAREN STRESE,        20-cv-635-jdp
ANNETTE BENDER, JODI HALDEMAN, and SUSAN
SCHMIDTKNECHT,

                Defendants.

---

Pro se plaintiff Paolo Cruz Gonzalez alleges that officials at his former prison, Columbia Correctional Institution (CCI), overcharged him for international phone calls, prevented him from communicating with his family, and retaliated against him for complaining about his excess phone charges. I allowed the complaint to proceed in part on due process, free speech, retaliation, and Wisconsin-law negligence claims. *See* Dkt. 24 and Dkt. 42.

Defendants have moved for summary judgment on the ground that Gonzalez failed to exhaust administrative remedies. *See* Dkt. 58 and 59. But that motion isn't yet ripe, because several related motions are pending.

This order addresses the three orders that relate to the summary judgment motion. I will grant defendants' motion to stay all discovery and case deadlines pending resolution of their motion for summary judgment on exhaustion. Dkt. 66. I will deny Gonzalez's motion to stay briefing on the motion for summary judgment and to conduct discovery to support his response to the motion for summary judgment. Dkt. 61. And I will deny Gonzalez's request to order defendants to affix sufficient postage to their mail. Dkt. 69.

BACKGROUND

In their motion for summary judgment, defendants contend that Gonzalez "filed five complaints that have any potential relation to the claims he asserts, and none of those complaints were fully exhausted." Dkt. 59 at 3. They are: (1) Wisconsin Resource Center (WRC) 2013-8040; (2) CCI-2014-10178; (3) CCI-2014-17352; (4) CCI-2017-4759; and (5) CCI-2018-25961. As relevant here, defendants contend that Gonzalez failed to exhaust CCI-2017-4759 because he did not appeal its dismissal to the Corrections Complaint Examiner (CCE).

ANALYSIS

A. **Defendants' motion for stay**

"District courts have broad discretion in determining whether to stay proceedings." *Williams v. CashCall, Inc.*, 92 F. Supp. 3d 847, 856 (E.D. Wis. 2015). Generally, "imposing a stay requires the court to balance interests favoring a stay against interests frustrated by the action in light of the court's strict duty to exercise jurisdiction in a timely manner." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)

Here, it is appropriate to stay discovery pending resolution of defendants' motion for summary judgment. Generally, "discovery with respect to the merits should be deferred until the issue of exhaustion is resolved." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The first step in resolving the issue of exhaustion is for the parties to fully brief defendants' motion for summary judgment. I have reviewed the motion for summary judgment and supporting materials; it raises substantial questions about whether Gonzalez has exhausted administrative remedies. It's appropriate to forestall work on the merits until this motion is resolved.

**B. Gonzalez's motion for stay and to conduct discovery**

Gonzalez filed a motion to stay briefing on the motion for summary judgment and to conduct discovery to support his response to the motion for summary judgment. Dkt. 61. Gonzalez contends that defendants did not include relevant complaint records with their motion for summary judgment. Specifically, Gonzalez contends that defendants failed to include a letter associated with CCI-2017-4759. Gonzalez submits correspondence from the CCE dated August 16, 2017. Dkt. 64-1. The August 16 correspondence states that, on August 9, 2017, Gonzalez sent a letter to the Wisconsin Department of Corrections (DOC) about telephone charges, which was forwarded to the CCE. The August 16 correspondence also states that the DOC does not oversee telephone charges and advises Gonzalez to raise his concerns with his phone provider. The August 16 correspondence is titled "CCE Correspondence Complaint Number CCI-2017-4759." Gonzalez suggests that, if defendants failed to include a document relevant to CCI-2017-4759, they must have done so regarding his other complaints. Dkt. 64 ¶ 10.

Gonzalez contends that the August 9 letter and August 16 correspondence suggest that defendants have withheld relevant documents about exhaustion. I disagree. Gonzalez has not disputed defendants' assertion that he sent the August 9 letter to the DOC and that it was forwarded to the CCE for comment. Dkt. 67 ¶¶ 4–5. Nor does Gonzalez meaningfully dispute that the CCE mentioned CCI-2017-4759 in the August 16 correspondence as a reference for Gonzalez that the prison had already addressed CCI-2017-4759, which dealt with similar subject matter. The August 9 letter is not on the DOC's form for prisoner complaints or grievances. *See* Wis. Admin. Code DOC § 310.07(3); *Green v. Manlove*, No. 19-CV-797-WMC, 2021 WL 4439059, at *3 (W.D. Wis. Sept. 28, 2021) (noting that inmate complaints must

be filed on the form provided at the prison). And Gonzalez has not disputed that, even if treated as an appeal of CCI-2017-4759, the letter would be untimely. Dkt. 67 ¶ 8. Thus, Gonzalez has not shown that DOC staff treated, or should have treated, the August 9 letter as a complaint or an appeal of CCI-2017-4759. Put differently, Gonzalez has not shown that defendants have withheld documents relevant to exhaustion on the CCI-2017-4759 complaint or any other complaint.

In his motion, Gonzalez also asserts that he needs discovery to show that: (1) complaint forms and writing utensils were unavailable to him; (2) his housing status stopped him from filing complaints; and (3) defendants did not help him fill out complaint forms and did not properly instruct him on filing complaints. *See* Dkt. 64 ¶¶ 10–13. If Gonzalez wishes to argue that administrative remedies were unavailable to him, he may submit a declaration in support of his response to defendants' motion for summary judgment. If the declaration creates contested factual issues, the court may have to hold an evidentiary hearing. *See Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015). And the court could permit any discovery "relating to exhaustion" that it deemed appropriate in connection with the hearing. *See Pavey*, 544 F.3d at 742. But at this point, it makes the most sense for the parties to fully brief defendants' motion for summary judgment, and Gonzalez can state his position with a declaration.

**C. Gonzalez's motion regarding postage**

Gonzalez also asks me to order defendants to affix sufficient postage to their mail. I addressed Gonzalez's contention that defendants affixed insufficient postage to the envelope containing their answer in a separate order and need not do so again. This appears to be a one-

time error. I deny Gonzalez's request to generally order defendants to stop affixing insufficient postage to their mail.

In sum, I will grant defendants' motion to stay all discovery and case deadlines pending resolution of their motion for summary judgment. Dkt. 66. I will deny Gonzalez's motion to stay and request to order defendants to affix sufficient postage to their mail. Dkt. 61 and Dkt. 69.

I will give Gonzalez a short time to file a response to defendants' motion for summary judgment. *See* Dkt. 55 at 5. Gonzalez will find instructions for responding to the motion for summary judgment in the court's preliminary pretrial conference order. *Id.* at 4–5.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to stay, Dkt. 61, is DENIED.

2. Defendants' motion to stay all discovery and case deadlines pending resolution of their motion for summary judgment, Dkt. 66, is GRANTED.

3. Plaintiff's request for an order regarding mail service, Dkt. 69, is DENIED.

4. Plaintiff may have until October 31, 2022, to file a response to defendants' motion for summary judgment in accordance with the court's preliminary pretrial conference order and this order. Defendants may file a reply not later than seven days after receiving plaintiff's response.

5. The clerk of court is directed to send plaintiff a copy of this order.

Entered October 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge