IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAULO CRUZ GONZALEZ,

                Plaintiff,

  v.

JACKIE WESTOVER, LINDSAY WALKER, SUE
NOVAK, MICHAEL DITTMAN, KAREN STRESE,
ANNETTE BENDER, JODI HALDEMAN, and SUSAN
SCHMIDTKNECHT,

                Defendants.

ORDER

20-cv-635-jdp

Pro se plaintiff Paolo Cruz Gonzalez alleges that officials at his former prison, Columbia Correctional Institution (CCI), overcharged him for international phone calls, prevented him from communicating with his family, and retaliated against him for complaining about his excess phone charges. I allowed the complaint to proceed in part on due process, free speech, retaliation, and Wisconsin-law negligence claims. *See* Dkt. 24 and Dkt. 42. I also denied Gonzalez's motion to appoint counsel. Dkt. 42 at 3–4.

Gonzalez has filed a: (1) motion for status update on request for assistance in recruiting counsel; (2) motion for assistance in recruiting counsel; and (3) letter requesting a decision on his motion for assistance in recruiting counsel. Dkt 56; Dkt. 57; Dkt. 61. I will deny his motion for assistance in recruiting counsel without prejudice and deny the other two motions as moot.

In his previous motion to appoint counsel, Gonzalez contended that he could not litigate this case because he is mentally ill and incompetent. *See* Dkt. 42 at 3. Gonzalez also contended that he spoke little English and did not understand the law or court procedures. *Id.* He makes essentially the same arguments in his motion for assistance in recruiting counsel. *See* Dkt. 57 at 2–5. Gonzalez adds that he has an impairment in his left hand that makes

writing, typing, and litigation tasks "nearly impossible." *See id.* at 3. A prisoner who is helping him litigate this case has made similar assertions and contends that Gonzalez cannot litigate this case alone. *See, e.g.*, Dkt. 64 ¶ 7.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) she made reasonable efforts on her own to find a lawyer to represent her, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds her ability to prosecute it, *Pruitt*, 503 F.3d at 655. To meet the second requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case.

In denying Gonzalez's previous motion to appoint counsel, I determined that he met the first and second prongs. He met the second prong because he submitted letters from two attorneys who declined to represent him. *See* Dkt. 42 at 3. Gonzalez received these letters in February 2019. Dkt. 32-4 and Dkt. 32-5.

Here, I do not find that Gonzalez has made reasonable efforts on his own to find a lawyer. Gonzalez submitted a letter from one attorney to support his motion for assistance in recruiting counsel, which is dated June 30, 2022. Dkt. 57-1. Because a scheduling order has been issued and defendants have moved for summary judgment on exhaustion grounds, this case "has developed substantially" from its posture when Gonzalez filed his previous motion to appoint counsel. *See McCaa v. Hamilton*, 371 F. Supp. 3d 537, 541 (E.D. Wis. 2019). Because of this development, Gonzalez should have "made [] renewed efforts to obtain counsel in light of these changed circumstances." *See id.* Although he contacted one lawyer in June 2022, his records indicate that he did not try to obtain counsel on this own for more than three

2

years before then. The court's six-month delay in ruling on his previous motion to appoint counsel may have contributed to Gonzalez's lull in contacting attorneys. At any rate, on this record, I do not consider one attempt in more than three years to constitute "reasonable efforts" to obtain counsel.

Even had Gonzalez made reasonable efforts to obtain counsel, it is still too early to tell whether this case will boil down to issues that are too complex for him to handle. Gonzalez's filings in this case indicate that he reads and writes in English, if imperfectly, and can understand court orders. Also, at this stage, defendants' motion for summary judgment does not appear to present overly complex issues, and I've given him directions on how to respond to it. *See* Dkt. 73. And, despite Gonzalez's alleged hand impairment, he does not seem to have had difficulty filing papers with the court. If Gonzalez wishes to renew his motion for assistance in recruiting counsel later, he must specifically explain what litigation tasks, going forward, would be too difficult for him to complete.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for assistance in recruiting counsel, Dkt. 57, is DENIED WITHOUT PREJUDICE.

2. Plaintiff's motion for status update, Dkt. 56, and letter requesting a decision on his motion for assistance in recruiting counsel, Dkt. 61, are DENIED AS MOOT.

3.  The clerk of court is directed to send plaintiff a copy of this order.

Entered October 11, 2022.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge