IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAULO CRUZ GONZALEZ,

            Plaintiff,

v.

JACKIE WESTOVER, LINDSAY WALKER, SUE
NOVAK, MICHAEL DITTMAN, KAREN STRESE,
ANNETTE BENDER, JODI HALDEMAN, and SUSAN
SCHMIDTKNECHT,

            Defendants.

ORDER

20-cv-635-jdp

---

I recently entered two orders in this case. In one, I denied Gonzalez's motion for discovery and to stay briefing on defendants' motion for summary judgment on exhaustion grounds and ordered Gonzalez to respond to the motion for summary judgment. Dkt. 73. In the other, I denied Gonzalez's motion for assistance in recruiting counsel without prejudice. Dkt. 74.

Gonzalez moved for reconsideration of both rulings. Dkt. 75. Gonzalez contends that I erred in determining that he reads and writes in English, albeit imperfectly. Gonzalez reasons that I mistakenly attributed filings that other prisoners drafted to Gonzalez. Also, Gonzalez disputes my finding that he did not make reasonable efforts to obtain counsel on his own. Gonzalez's objections to my discovery ruling are vague and do not specifically address my reasons for denying his discovery motion.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Motions for reconsideration "do not provide an

opportunity to litigate previously rejected arguments." *Thomas v. Johnston*, 215 F.3d 1330 (7th Cir. 2000).

Here, Gonzalez has not shown clear error in my determination that he could read and write in English, albeit imperfectly. The docket shows that he has understood court orders and prepared certain legal filings on his own. *See, e.g.*, Dkt. 3; Dkt. 8; Dkt. 12; Dkt. 42 at 2. Although many of these documents are not a model of clarity, they show that Gonzalez can read and write in English. Also, these documents have similar formatting that differs from the formatting of later documents that other inmates have claimed to have written. So it is clear that Gonzalez has prepared some of the filings in this case. But, more important, it is still too early to tell whether this case will boil down to issues that are too complex for Gonzalez to handle. As I have previously ruled, it is appropriate to wait until after the parties have briefed summary judgment to review the complexity of the issues in the case. *See* Dkt. 42 at 4. Gonzalez has not shown a change in circumstances that would warrant making this determination at this relatively early stage. For this reason, I need not consider Gonzalez's argument that he has made reasonable efforts to obtain counsel on his own. And Gonzalez's objections to my discovery ruling merely repeat arguments that I have carefully considered and rejected. Accordingly, I will deny the motion for reconsideration.

I gave Gonzalez until October 31, 2022, to file a response to defendants' motion for summary judgment in accordance with the court's preliminary pretrial conference order and my discovery order. Dkt. 73 at 5. Gonzalez has yet to file a response. I will extend the deadline for Gonzalez to file his response until November 25, 2022. Defendants may file a reply not later than seven days after receiving Gonzalez's response.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 75, is DENIED.

2. Plaintiff may have until November 25, 2022, to file a response to defendants' motion for summary judgment in accordance with the court's preliminary pretrial conference order and my October 7, 2022, discovery order. Defendants may file a reply not later than seven days after receiving plaintiff's response.

3. The clerk of court is directed to send plaintiff a copy of this order.

Entered November 8, 2022.

                            BY THE COURT:

                            /s/

                            _____

                            JAMES D. PETERSON
                            District Judge