IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAULO CRUZ GONZALEZ,

                Plaintiff,

v.

JACKIE WESTOVER, LINDSAY WALKER, SUE NOVAK, MICHAEL DITTMAN, KAREN STRESE, ANNETTE BENDER, JODI HALDEMAN, and SUSAN SCHMIDTKNECHT,

                Defendants.

OPINION and ORDER

20-cv-635-jdp

---

    Pro se plaintiff Paolo Cruz Gonzalez alleged that officials at his former prison, Columbia Correctional Institution (CCI), overcharged him for international phone calls, prevented him from communicating with his family, and retaliated against him for complaining about his excess phone charges. I allowed Gonzalez to proceed on due process and Wisconsin-law negligence claims for the overcharging, and on free speech and retaliation claims for blocking his calls to family. *See* Dkt. 24 and Dkt. 42.

    Defendants move for summary judgment, contending that Gonzalez failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). *See* Dkt. 58 and Dkt. 59. Gonzalez effectively concedes that he failed to exhaust administrative remedies for his free speech and retaliation claims for blocking calls to his family, so I will grant summary judgment to defendants on those claims. But I will deny the motion as it pertains to Gonzalez's due process and negligence claims for the overcharging. Defendants have not meet their burden to show that Gonzalez failed to exhaust remedies for those claims.

BACKGROUND

I allowed Gonzalez to proceed on: (1) a Fourteenth Amendment procedural due process claim against defendants Haldeman, Bender, Dittman, Strese, and Schmidtknecht based on being overcharged for international phone calls; (2) a First Amendment free speech claim against Schmidtknecht and defendants Westover, Walker, and Novak based on being prevented from calling his family; (3) a First Amendment retaliation claim against Schmidtknecht, Westover, and Novak based on being prevented from calling his family; and (4) a negligence claim against Haldeman, Bender, Strese, and Dittman based on being overcharged for international phone calls. *See* Dkt. 24 and Dkt. 42.

Defendants contend that Gonzalez "filed five complaints that have any potential relation to the claims he asserts, and none of those complaints were fully exhausted." *See* Dkt 59 at 3.[1] Gonzalez did not dispute defendants' contentions that these are the pertinent complaints and that he did not complete the appeal process for the first, second, and third complaints. Because the first three complaints are the only ones that relate to the free-speech and retaliation claims for blocking calls to his family, I will grant summary judgment on these claims and remove Novak, Westover, and Walker as defendants.

The fourth and fifth complaints relate only to the due process and negligence claims for overcharging for international calls. The parties dispute whether the fourth and fifth complaints exhausted Gonzalez's administrative remedies. Because I conclude that the fifth complaint is

---

[1] The complaints are: (1) WRC 2013-8040 (first compliant), CCI-2014-10178 (second complaint), CCI 2014 17352 (third complaint), CCI-2017-4759 (fourth complaint), and CCI 2018 25961 (fifth complaint). Dkt. 60.

adequate to exhaust Gonzalez's administrative remedies, I do not have to consider the fourth complaint, which is a closer call.

The institution complaint examiner received Gonzalez's corrected fifth complaint on December 19, 2018. Dkt. 60-6 at 2, 11. Gonzalez complained that the prison business office had been charging him higher rates for international phone calls than the rates that the phone company established. *Id.* at 11. On February 15, 2019, the institution complaint examiner rejected the fifth complaint as moot because Gonzalez had not been charged for international calls for over a year and a half. *See id.* at 3. Gonzalez contends that he received the institution complaint examiner's rejection on February 16, 2019. Dkt. 79 at 3. Gonzalez appealed to the reviewing authority, dating his appeal form February 26, 2019. Dkt. 60-6 at 18. The reviewing authority received his appeal on February 27, 2019, and rejected it as untimely because it was "[b]eyond [the] 10 [day] calendar limit." *Id.* 6–9.

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict

compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *See Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections maintains a complaint process in all state adult prisons. *Crowley v. Nickel*, No. 12-CV-486-WMC, 2015 WL 5749753, at *2 (W.D. Wis. Sept. 30, 2015). Inmate complaints submitted after April 1, 2018, "are governed by Wis. Admin. Code ch. DOC 310 (March 2018)." *Love v. Meli*, No. 19-CV-1511, 2021 WL 1720227, at *3 (E.D. Wis. Apr. 30, 2021).

As relevant here, the complaint process starts by filing a complaint with the institution complaint examiner. Wis. Admin. Code DOC § 310.07(2) (2018). The institution complaint examiner may reject a complaint for certain reasons, including mootness. Wis. Admin. Code DOC § 310.10(6) (2018). The prisoner may appeal the rejected complaint to the "appropriate reviewing authority" within 10 days, and the reviewing authority's decision is final. Wis. Admin. Code DOC § 310.10(10) (2018).

Prisoners are only required to exhaust administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Defendants contend that the fifth complaint did not exhaust Gonzalez's due process and negligence claims because he did not file it within 14 days of events underlying his claims. *Id.* at 6–7 (citing Wis. Admin. Code DOC § 310.07(2)). Defendants forfeited this argument by failing to raise it for the first time in their reply brief, even though they could have made

4

this argument in their opening brief. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."). In any case, this argument lacks merit. *See Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005) ("[A] procedural shortcoming . . . amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming."); *Schneider v. Kostolihryz*, No. 19-CV-756-JDP, 2020 WL 5204061, at *2 (W.D. Wis. Sept. 1, 2020). The ICE did not reject the fifth complaint because it was filed more than 14 days after the events in question; the ICE rejected the complaint as moot.

Defendants also contend that the fifth complaint did not effectively exhaust Gonzalez's administrative remedies because his appeal of the rejection of the fifth complaint was untimely.

Gonzalez was allowed to appeal the institution complaint examiner's rejection of his complaint as moot "within 10 days" to the reviewing authority. Wis. Admin. Code DOC § 310.10(10). The rejection was dated February 15, 2019, but Gonzalez contends that he received it on February 16, 2019. Defendants contend that Gonzalez provided no evidence that he received the rejection on the 16th, but Gonzalez's declarations are admissible evidence. Dkt. 79 at 3; Dkt. 80 at 3. Defendants, by contrast, have not submitted any evidence that Gonzalez received the rejection on the 15th. The bare date on the rejection does not establish that Gonzalez received the rejection on that day. So, based on this record, that Gonzalez received the rejection on the 16th is not genuinely disputed.

The regulations do not expressly state whether the 10-day period in Wis. Admin. Code DOC § 310.10(10) starts when the institution complaint examiner dates or issues the rejection or when the prisoner receives it. I did not find any authority, controlling or otherwise, addressing this issue. Both readings are arguable, but defendants did not cite any authority

5

establishing that the period starts from the date written on the rejection. Because defendants bear the burden of proof, I conclude for purposes of their motion for summary judgment that the 10-day period started on February 16, 2019.

Gonzalez contends that he filed his appeal on February 26, 2019, because he put it in the prison mailbox on that date. *See* Dkt. 79 at 3, 5. Because Gonzalez received the rejection on the 16th, Gonzalez contends that he filed his appeal within the 10-day deadline. *See id.* at 5.

Defendants argue that Gonzalez did not submit any evidence that he actually filed his appeal on the 26th, reasoning that he only dated his appeal the 26th. Dkt. 85 at 6. But courts have applied the prison mailbox rule to the filing of prison complaints. *See, e.g., Conley v. Anglin*, 513 F. App'x 598, 601 (7th Cir. 2013); *George v. Smith*, No. 05-C-0403-C, 2006 WL 3751407, at *5–7 (W.D. Wis. Dec. 12, 2006). Gonzalez's declaration is evidence that he mailed his appeal on the 26th. *See, e.g.,* Fed. R. Civ. P. 56(c)(1)(A); *Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020). In view of defendants' failure to submit any evidence suggesting otherwise, Gonzalez's contention that he filed his appeal on the 26th is not genuinely disputed.

The evidence here shows that the reviewing authority improperly rejected Gonzalez's appeal as untimely. The reviewing authority's rejection was final, Wis. Admin. Code DOC § 310.10(10) (2018), leaving Gonzalez with no more remedies to pursue, *see Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Defendants have not met their burden to show that, for his fifth complaint, Gonzalez failed to exhaust the administrative remedies that were available to him. So I will deny their

motion for summary judgment as to Gonzalez's due process and negligence claims for overcharging for international calls.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 58, is GRANTED in part and DENIED in part.

2. Summary judgment is GRANTED to defendants on plaintiff's free speech and retaliation claims.

3. Summary judgment is DENIED to defendants on plaintiff's due process and negligence claims.

4. Novak, Westover, and Walker are REMOVED as defendants.

5. The clerk of court is directed to send plaintiff a copy of this order.

Entered February 3, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge