IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAULO CRUZ GONZALEZ,

                Plaintiff,

  v.
                                                ORDER

MICHAEL DITTMAN, KAREN STRESE, ANNETTE
BENDER, JODI HALDERMAN, and SUSAN         20-cv-635-jdp
SCHMIDTKNECHT,

                Defendants.

---

      Pro se plaintiff Paulo Cruz Gonzalez is a prisoner at Wisconsin Resource Center. Gonzalez asserts due process and negligence claims based on the allegation that defendants overcharged him for international phone calls. Gonzalez has filed six motions to appoint counsel, all of which the court denied without prejudice, and several other related motions. *See, e.g.*, Dkt. 28; Dkt. 32; Dkt. 57; Dkt. 87; Dkt. 92; Dkt. 94.

      This order concerns Gonzalez's motion for reconsideration of the court's most recent order declining to assist him in recruiting counsel, which includes a request for a translator. Dkt. 103. Throughout this case, Gonzalez has contended that he cannot litigate this case himself because: (1) he is a native of Cuba and does not speak English well, as evidenced by his second-grade English reading level; and (2) he has serious mental health problems related to paranoia and delusions and takes psychiatric medications.

      Earlier, defendants moved for summary judgment on exhaustion grounds. I granted that motion in part and denied it in part, Dkt. 89, but another prisoner briefed that motion for Gonzalez, *see* Dkt. 79 at 7. Now defendants move for summary judgment on the merits. *See* Dkt. 97 and Dkt. 98. Gonzalez's opposition is due by May 17, 2023.

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). This court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55.

It is not yet clear whether this case will truly boil down to issues too complex for a typical pro se litigant to handle. But Gonzalez's motion for reconsideration and prior motions for appointment of counsel show that his abilities are far below those of the typical prisoner: it is well-documented that Gonzalez has a second-grade reading level in English and suffers from serious mental illnesses. *See, e.g.*, Dkt. 29-2; Dkt. 75-1; Dkt. 75-5; Dkt. 75-6; Dkt. 102; Dkt. 103-1. It is now clear that Gonzalez has considerable difficulty understanding and responding to court orders. Gonzalez has filed several documents in this case, along with several prison grievances, without the assistance of other prisoners. But his prison grievances only required him to state in simple terms why he was aggrieved, and his filings in this case are largely incoherent. Gonzalez has shown an inability to complete basic tasks, such as writing a motion stating what tasks he cannot complete because of his educational and psychiatric problems. Gonzalez's complaint survived screening in part, and I denied in part defendants' motion for summary judgment on exhaustion grounds. But other prisoners handled those matters for Gonzalez. Without the assistance of "jailhouse lawyer[s]," I am convinced that Gonzalez lacks the "personal ability" to understand and coherently respond to defendants' motion for summary judgment. *See Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014).

I will grant in part Gonzalez's motion for reconsideration, Dkt. 103, with the result that I will stay this case pending recruitment of counsel. I will deny as premature Gonzalez's request for a translator. I will take no action on defendants' motion for summary judgment at this time. If I find counsel willing to represent Gonzalez, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule, including new briefing deadlines for defendants' summary judgment motion. Gonzalez is advised that the court receives many requests for counsel, so the search for counsel may take several months, and there is no guarantee that the court will find counsel willing to represent him.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 103, is GRANTED in part and DENIED in part.

2. The case is STAYED pending recruitment of counsel for plaintiff.

Entered April 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge